IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN K. COFIELD, *et al.* | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CCB-14-2051 |
| FEDERAL COMMUNICATIONS COMMISSION, *et al.* | * | |
| | * | |
| | ***** | |

# MEMORANDUM

Plaintiffs Keenan Cofield, Michael Allen, and John Johnson complain they are being charged telephone rates in excess of the amount permitted for outgoing interstate prison telephone calls under the Federal Communication Commission's ("FCC") 2013 Report and Order. (ECF No. 4.)[1] On September 24, 2014, the complaint against FCC Chairman Wheeler was dismissed. (ECF No. 23.) Now pending is the motion to dismiss or, in the alternative, motion for summary judgment, filed by defendants Douglas Gansler, Gary Maynard, Martin O'Malley, and the State of Maryland (collectively "State defendants"). (ECF No. 34.) The court finds oral argument unnecessary to resolve the issues. *See* Local Rule 105.6. (D.Md. 2014). For the reasons that follow, the State defendants' motion, construed as a motion for summary judgment, shall be granted.[2]

## BACKGROUND

The history of this case is set out in the court's order of September 10, 2014. (ECF No. 19.)

---

[1] Plaintiffs seek to proceed solely on the telephone rate issue. (ECF No. 19.)
[2] Plaintiffs also have filed motions for appointment of counsel, to request class certification, and to compel discovery. (ECF Nos. 24, 31, and 37.)

On February 7, 2014, the Maryland Department of Public Safety and Correctional Services ("DPSCS") and its telephone service provider Global Tel * Link ("GTL") modified their contract in accordance with the FCC's September 26, 2013 Report and Order and Further Notice of Rulemaking. (ECF No. 34-3.) The contract modification set all interstate prepaid rates at $0.21 per minute and all interstate collect calls at $0.25 per minute. (*Id*.)

The State defendants maintain that neither Cofield nor Johnson has been charged for any long distance prepaid or collect calls, and none of the plaintiffs have filed grievances with the Inmate Grievance Office after the FCC order went into effect. (ECF No. 34-1, p. 3; ECF No. 34-5.)  Allen's call record reflects that he placed a number of long distance calls and was charged the modified rate specified by the GTL/DPSCS modified contract. (ECF No. 34-4.) The defendants raise as defenses (1) sovereign immunity, (2) failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), (3) lack of personal participation, (4) failure to state a claim, (5) mootness, and (6) qualified immunity. (ECF No. 34-1.)

In opposition, the plaintiffs argue that PLRA exhaustion is not applicable here because the FCC has never passed a law or rule requiring an inmate to file and exhaust administrative remedies before challenging the enforcement of FCC rate law changes, and the PLRA only applies to prison conditions, not prison telephone rates. (ECF No. 36.)  Moreover, plaintiff Cofield insists that he has placed calls under the old "N-Netix inmate phone system" and GTL since the rate law changes by the FCC, and all Department of Corrections ("DOC") inmates who use the GTL system have a property interest in "the commissions paid to the [Maryland] DOC." (*Id*.)

In reply, the State defendants argue that the GTL records show that between February 11,

2014 and March 23, 2015, Cofield did not successfully place an interstate call until January 27, 2015. (ECF No. 43, p. 3.) The defendants claim the amount billed for that call and all subsequent interstate calls "reflects that the amount billed is consistent with the contract modification rates agreed upon between the DPSCS and GTL."[3] (*Id.*)

## STANDARD OF REVIEW

The defendants' motion relies on materials outside the pleadings, and is construed as a motion for summary judgment. Summary judgment is governed by Federal Rule of Civil Procedure 56(a), which provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir.2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his favor. *Scott v. Harris,* 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must

---

[3] Plaintiffs submitted a surreply to the State defendants' reply. (ECF No. 44.) As a general rule, this court will not allow parties to file surreplies. *See* Local Rule 105.2(a). In this case, however, the surreply has been accepted and considered.

not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

Judgment in favor of the defendants is proper because the plaintiffs have not exhausted available administrative remedies. The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion requirement plainly extends to the plaintiffs' allegations that GTL and the defendants have charged inmates excessive telephone rates in disregard of FCC regulations. *See Arsberry v. Illinois*, 244 F.3d 558, 561-62 (7th Cir. 2001) (inmates' failure to exhaust administrative remedies, pursuant to the PLRA, barred them from bringing action challenging practice by which state prisons and jails each granted one telephone company the exclusive right to provide inmate telephone service in exchange for a portion of revenues generated); *Searcy v. United States*, 668 F. Supp.2d 113, 121 (D. D.C. 2009) (policies relating to an inmate's telephone use fall within the

scope of prison conditions; therefore, prisoners must exhaust administrative remedies before seeking redress in federal court); *Hoffenberg v. Fed. Bureau of Prisons*, 2004 WL 2203479, at *11-12 (D. Mass. Sept. 14, 2004) (inmate complaints about prison telephone practices are subject to the exhaustion requirement under the PLRA).[4] The complaint must be dismissed, unless the plaintiffs can show that each has satisfied the administrative exhaustion requirement under the PLRA or that the defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The exhaustion requirement "require[s] prisoners to pursue administrative grievances until they receive a final denial of their claims, appealing through all available stages in the administrative process." *Chase,* 286 F.Supp.2d at 530. It does not, however, require the exhaustion of administrative processes unavailable to a prisoner. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015) (quoting *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008)).

In Maryland, the Administrative Remedy Procedure ("ARP") involves a three-step process: filing a request for administrative remedy with the warden of the prison, appealing the denial to the Commissioner of Corrections, and appealing the subsequent denial to the IGO. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md.Code Regs. 12 § 07.01.05.

Here, the plaintiffs acknowledge that they did not complete the grievance process before filing this complaint. At no point do they claim they were prevented from availing themselves of the ARP. An inmate must complete the administrative review process in accordance with applicable

---

[4] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

procedural rules, including deadlines, as a precondition to bringing suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *Moore*, 517 F. 3d at 725 ("to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively"). The plaintiffs' complaint is subject to dismissal for failure to exhaust administrative remedies.[5]

## CONCLUSION

For the aforementioned reasons, the State defendants' motion for summary judgment shall be granted.[6] The complaint shall be dismissed.[7]

Date: September 2, 2015                         /S/
                                                Catherine C. Blake
                                                United States District Judge

---

[5] The court also observes that the defendants are likely entitled to judgment in their favor because the plaintiffs have failed to demonstrate an injury. The record provided by the defendants shows that to the extent the plaintiffs successfully made interstate telephone calls, they were charged the rates set out by the FCC and agreed to pursuant to the GTL/DPSCS modified contract.

[6] In light of this decision, plaintiffs' motions to appoint counsel, to request class action certification, and to compel discovery shall be denied.

[7] A review of the docket in this court shows that service of process was not accepted nor effected on behalf of defendants GTL, the Maryland State General Assembly, David J. Collins, and "John and Jane Doe." The complaint against them also will be dismissed.